IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

In Re: Muhammad S. A. Harris        *
    (Chapter 13)                    *
                                        *

*  *  *  *  *  *  *  *
                                        *   Bankr. No. 14-11562
Muhammad S. A. Harris                *
                                        *   Civil Action No. WMN-14-2957
v.                                   *
                                        *
Nancy Spencer Grigsby                *
                                        *

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

## MEMORANDUM

Debtor Muhammad S. A. Harris filed this appeal from an August 8, 2014, Order of the United States Bankruptcy Court for the District of Maryland. In that Order, Bankruptcy Judge Robert A. Gordon dismissed the bankruptcy case, denied Mr. Harris's second motion for reconsideration of a previous decision denying the confirmation of his Plan, denied Mr. Harris's request that the Chapter 13 Trustee be replaced, and denied Mr. Harris's request for the judge's recusal. That Order was entered on August 11, 2014. Bankr. ECF No. 84. Mr. Harris's Notice of Appeal was filed on September 2, 2014.

On September 4, 2014, one of Mr. Harris's creditors filed a motion to dismiss in the Bankruptcy Court on the ground that his appeal was untimely. Bankr. ECF No. 94. On September 16, 2014, the Bankruptcy Court denied that motion, without prejudice,

concluding that it was for this Court to determine its own jurisdiction as to whether to consider the appeal. On September 30, 2014, this Court issued an Order requiring Mr. Harris to show cause within fourteen days why this appeal should not be dismissed on the ground that Mr. Harris had failed to file with the Clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented as required by Bankruptcy Rule 8006. ECF No. 2. On October 6, 2014, Mr. Harris filed a document captioned as a "Motion to Continue Appellant Request for Appeal" in which he briefly stated his disagreement with statements made by the Bankruptcy Trustee before the Bankruptcy Court. ECF No. 3. He did not address, however, either the untimeliness of his appeal or his failure to designate an appellate record.

The district court has jurisdiction to determine, as a threshold matter, whether a notice of appeal has been timely filed. AgSouth Farm Credit, ACA v. Bishop (In re Craig Lewis Bishop), 333 B.R. 746, 748 n.3 (D.S.C. 2005). Bankruptcy Rule of Procedure 8002 is entitled "Time for Filing Notice of Appeal" and provides that a "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). Rule 8002(a) has been "strictly construed" and requires "strict compliance" with its terms. AgSouth, 333 B.R. at 748.

2

As stated above, the Order which Mr. Harris is appealing was entered on August 11, 2014. Therefore, the deadline to have filed a timely notice of appeal of the Bankruptcy Court's Order was August 25, 2014. Since Mr. Harris did not file his Notice of Appeal until September 4, 2014, Bankr. ECF No. 91, it was clearly untimely.[1] "It is well settled that if a prospective appellant fails to timely file his notice of appeal, the District Court is stripped of its jurisdiction to hear the appeal." Chien v. Commonwealth Biotechnologies, Inc., 484 B.R. 659, 663 (E.D. Va. 2012) (citing Smith v. Dairymen, Inc., 790 F.2d 1107, 1111 (4th Cir. 1986)); see also Olslund v. Bellinger, Civ. No. 11-2800, 2012 WL 246440, at *1 (D. Md. Jan. 25, 2012) ("Rule 8002(a) of Federal Rules of Bankruptcy Procedure states that such a notice must be filed within 14 days of the entry of the order being appealed. This is a jurisdictional requirement. Failure to comply with this requirement results in the dismissal of an appeal."). Because this Court does not have jurisdiction

---

[1] The document entered as Mr. Harris's Notice of Appeal is dated August 26, 2014, and includes a Certificate of Service for that same date. There is no explanation as to why it was not entered in the Bankruptcy Court docket until September 4, 2014. Even if the Court could consider August 26, 2014, as the date of filing, the appeal was still one day late. See Reig v. Wells Fargo Bank, N.A., Civ. No. 12-3518, 2013 WL 3280035 (D. Md. June 26, 2013) (dismissing appeal where notice of appeal was signed one day after the appeal deadline passed).

over this appeal, it will be dismissed.  A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: November 4, 2014